Ram v. Bondi

BIA
Cortes, IJ
A208 613 682

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

SHRI RAM,
> *Petitioner,*

v.                                                                          **23-6870**
                                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Judy Resnick, Law Office of Judy Resnick, Far
                                   Rockaway, NY.

**FOR RESPONDENT:**
Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Sanya Sarich Kerksiek, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shri Ram, a native and citizen of India, seeks review of a July 7, 2023 decision of the BIA affirming an August 27, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shri Ram*, No. A 208 613 682 (B.I.A. July 7, 2023), *aff'g* No. A 208 613 682 (Immig. Ct. N.Y. City Aug. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We consider both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary."  8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a "well-founded fear" of future persecution. 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b).  "To qualify as 'persecution,' the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is 'unable or unwilling to control.'"  *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quoting *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020)).

Ram alleged that members of the Bharatiya Janata Party attacked him for supporting the Shiromani Akali Dal Amritsar Party, and he does not dispute that his attackers were private, not state, actors.  *Id.* at 116 ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . aligned with a party in power nationally—does not establish that the applicant was persecuted by the government.").  Contrary to Ram's argument here, the BIA applied the correct standard in addressing whether the Indian government was unable and unwilling to control his attackers: "Under the unwilling-or-unable standard, 'a finding of persecution ordinarily requires a

determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims.'" *Id.* at 114–15 (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)).

Ram otherwise does not challenge the agency's determination that he did not establish that the government is unable or unwilling to control his attackers as his passing references to the lack of protection are unsupported by facts, record citation, or legal argument. And he does not separately challenge the agency's denial of CAT relief. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where brief "devote[d] only a single conclusory sentence" to it). Accordingly, Ram has abandoned review of all three forms of relief as the unable or unwilling finding is dispositive of asylum and withholding, *Singh*, 11 F.4th at 114–15, and he does not address CAT relief.

Ram's remaining bias and due process claims are too conclusory to state a

4

claim. His bias claim is grounded in allegations that the IJ's findings are speculative and conclusory, but he gives no examples, and challenges to an IJ's rulings alone are not a basis for a bias claim. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Finally, his due process claim is simply another stab at challenging the merits of the agency's decision, as he does not identify how he "was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted) (addressing due process requirements for removal proceedings).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5